**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL S. KEMP,

      Appellant,

    v.

DEPARTMENT OF THE ARMY,

      Agency.

DOCKET NUMBER
DA-4324-23-0255-I-1

DATE: September 20, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Michael S. Kemp</u>, Deville, Louisiana, pro se.

<u>John M. Brelan</u> and <u>Nedra R. Frisby</u>, Vicksburg, Mississippi, for the
agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**REMAND ORDER**

¶1        The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA).  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2        On petition for review, the appellant renews his arguments that the agency discriminated against him based on his military service when it subjected him to more stringent positional testing, denied him holiday leave, and terminated him during his probationary period.  Petition for Review (PFR) File, Tabs 1, 5.  The appellant also argues that the administrative judge should not have denied his motion to compel as untimely.  PFR File, Tab 1 at 4-5, 8, Tab 5 at 4.

¶3        For the reasons explained in the initial decision, we agree with the administrative judge that the current record does not support a finding of uniformed service discrimination.  Initial Appeal File (IAF), Tab 17, Initial Decision (ID).  However, we also agree with the appellant that his motion to compel was timely and that the appeal needs to be remanded for completion of discovery.[2]

¶4        The administrative judge denied the appellant's motion to compel on the ground that the appellant had 30 days from the date of the acknowledgment order,

---

[2] The initial decision was issued the day after the administrative judge denied the appellant's motion, and therefore, the appellant did not have a full 10 days to object to the ruling as contemplated under 5 C.F.R. § 1201.55(b).  Under these circumstances, we find that the appellant's failure to object does not preclude him from raising the issue on review.  *Cf. Brown v. U.S. Postal Service*, 64 M.S.P.R. 425, 429 (1994) (finding that the appellant's failure to object to the administrative judge's ruling on his motion to compel precluded him from objecting to the ruling on review).

April 14, 2023, to initiate discovery but did not serve his discovery request on the agency until June 7, 2023. IAF, Tab 16 at 1; *see* 5 C.F.R. § 1201.73(d)(1). However, the record reflects that the appellant's June 7, 2023 request was his second discovery request, which he served on the agency within 10 days of receiving the agency's response and supplement to his initial request, pursuant to 5 C.F.R. § 1201.73(d)(2). IAF, Tab 14. The record is also consistent with the appellant's assertion that he timely served his initial request on May 7, 2023,[3] because the agency responded to the appellant's "First Set of Interrogatories, Requests for Admissions and Requests for the Production" on May 26, 2023. IAF, Tab 15 at 4, 8. Therefore, we disagree with the administrative judge that the appellant's motion was untimely.

¶5      Furthermore, we find that at least some of the material covered in the motion to compel could be relevant and material to the issue of whether the appellant's termination was motivated by antimilitary animus. The U.S. Court of Appeals for the Federal Circuit has held that discriminatory motivation under USERRA may be reasonably inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses. *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001). Among other things, the appellant moved to compel the agency to provide information concerning whether the agency had approved his absence for medical reasons on the date in question, and the circumstances involved in the agency's decision to record his absence as absence without leave. IAF, Tab 14 at 4, 8. The requested information could be relevant to the issues of whether the agency's stated reasons for its action were

_____

[3] The appellant's initial discovery request is not in the record.

consistent with the record and whether the appellant was similarly situated to his proffered comparators. *See Sheehan*, 240 F.3d at 1014.

¶6 We therefore find it appropriate to remand the appeal for the administrative judge to rule on the merits of the appellant's motion.

## ORDER

¶7 For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall rule on the merits of the appellant's motion to compel. The administrative judge shall, as appropriate, allow for further development of the record in light of any additional material that the agency provides to the appellant pursuant to the discovery ruling. The administrative judge shall then issue a new initial decision, accounting for any additional evidence and argument that the parties file after discovery is complete. The administrative judge may incorporate the findings from his previous initial decision to the extent appropriate.

FOR THE BOARD: 
*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.